[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11935
The petitioner brings this petition for a writ of habeas corpus alleging in the first count that his criminal trial attorneys, Jack Grogins and Auden Grogins, were ineffective in assisting him in that they failed to move to suppress an out-of-court identification which was suggestive and failed to investigate facts surrounding the petitioner's identification and arrest; and in the second count that his appellate counsel, Auden Grogins, failed to raise on appeal said unnecessarily suggestive identification and extra judicial identification as error.
The petitioner was arrested and convicted after a jury trial of robbery in the first degree. The robbery occurred on November 22, 1990 in the early morning of a taxicab driver, Roberto Mejias, who had driven three passengers, two hispanic males and an hispanic female, to the P. T. Barnum housing project behind building sixteen. The hispanic male with the leg cast and crutches held a knife to his throat while the other hispanic male took his money from his pocket. That morning he gave a description of the robbers to the police. Two days later Mejias notified police that he had information that the robbers were at apartment 102 in building sixteen where the police apprehended Edwin Lopez who fit the description of the robber with the knife and whom Mejias identified positively as the hispanic male with the cast and crutches. On the way to the police station Mejias saw an hispanic male walking on the street who looked like the other robber and when the police brought him to the lights of the cruiser, who fit the description given to the police, Mejias positively identified him as the other robber, who was the petitioner herein.
Both Attorney Jack and Auden Grogins were called by the petitioner. Each testified that their trial representation arose because of Auden's desire for criminal trial experience. Public Defender Holden had the petitioner's case available for a special public defender because of a speedy trial motion but would not allow the file to go to Auden without her father's responsibility as lead counsel. The file had been prepared for trial with all the appropriate motions made and investigation complete. In their own investigation, they had determined that the third passenger, the female hispanic, was the mother of Edwin Lopez and that the victim had been doing his own investigation. Jack decided that the motion to suppress identification would not be successful and CT Page 11936 to pursue it would cause the victim to solidify identification and therefore decided to test the victim's ability to identify the petitioner at trial.
 I
The petitioner claims that the victim's identification of the petitioner on November 24, 1990 was an impermissibly suggestive identification procedure and that his attorneys should have pursued the motion to suppress it and any subsequent identification having been tainted by it. There is just no support to such a claim. The victim was on his way to the police station at 5:00 A.M. in a police cruiser when he identified the petitioner as looking like the other robber. The petitioner was not then under arrest, was not in police custody, his viewing was unplanned and obviously inadvertent. State v. Findlay,198 Conn. 328, 337. The exigent circumstances required the police to determine promptly whether the victim's identification was such as to hold the petitioner or release him.
The petitioner also claims that trial counsel should have made a record for purposes of appeal in that the court allowed the police officer to testify concerning the out-of-court identification of the petitioner as hearsay. The officer's testimony concerning the victim's out-of-court identification is admissible as an exception to the hearsay rule when the relevant witnesses are available. State v. Townsend, 206 Conn. 621, 624, even if the testimonial identification is impeached, being of greater probative value having been made closer to the actual perception. State v. McClendon, 199 Conn. 5,10.
The petitioner claims that the victim never identified the petitioner in court. Early in his testimony there appears to be some weight to that claim. Apparently the mechanics of using an interpreter caused some confusion. It appeared at times the victim was answering the questions before they were placed before him in Spanish. But in examining his entire testimony there can be no claim that he did not identify the petitioner as the second perpetrator of the robbery, the one who took his money from his pocket.
The petitioner also raises a claim that the trial attorneys did not cross-examine the victim concerning Officer Gosha's report of two passengers rather than three passengers, the limited description of the second perpetrator, the difficulty of CT Page 11937 the second perpetrator to remove himself to a position outside the cab from being in the middle of the back seat between the other two, and the limited opportunity to observe the second perpetrator.
In fact Jack Grogins did question the victim as to the opportunity to see the second perpetrator when the victim testified that he was looking straight ahead when the first perpetrator had the knife to his throat, his failure to identify the second perpetrator had a beard and how the second perpetrator, who the victim said was sitting in the middle of the back seat, got out of the cab to get at the money in his pocket. To attack Mejias for Officer Gosha's failure to report three passengers would be foolish.
Counsel were successful in gaining an acquittal of the second count of Assualt in the Second Degree.
 II
Appellate Counsel, Auden Grogins, followed the strategy of the trial in appeal, concentrating on a direct attack on the lack of sufficient identification. State v. Osman, 21 Conn. App. 299; reversed and remanded, 218 conn. 432. She would not have been successful in raising an issue of suppression of suggestive identification as stated above and, secondly because it was not raised in the trial court.
She brought before the Appellate Courts a limited description given by the victim which contained an apparent inaccuracy, a "fade haircut" and failed to include an accurate description of a "beard". She likewise presented that the victim had known the perpetrator with the knife before but not the petitioner and the lack of opportunity to have seen the second perpetrator. Also presented was the failure in the victim's initial response during his testimony to point out the petitioner as the second perpetrator.
 III
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copasv. Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. CT Page 11938
The petitioner has failed to show counsels' representation fell below an objective standard of reasonableness. Aillon v.Meachum, 211 conn. 352, 359.
For the above reasons the petitioner is denied.
Thomas H. Corrigan Judge Trial Referee